IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| Dora Brubaker, Thomas Blosch, Michael Stohlmeyer, Janet Harville, Mark Mulvehill, Diana Nielson, R. Ronald Nichols, Judith Puls, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>Deere & Company, et al.,<br><br>       Defendants. | Case No. 3:08-CV-113<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE** |

On the Brief:

Frank Harty
Debra L. Hulett
Angel A. West
NYEMASTER, GOODE, WEST, HANSELL & O'BRIEN, PC
700 Walnut Street, Suite 1600
Des Moines, IA  50309-3899

Charles C. Jackson (*admitted pro hac vice*)
Sari M. Alamuddin (*admitted pro hac vice*)
Amy M. Foran (*admitted pro hac vice*)
Stephanie L. Sweitzer (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL  60601-5094

James P. Walsh, Jr. (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 2

ARGUMENT .................................................................................................................... 4

    A.    Deere's Failure To Disclose Additional Documents Was Inadvertent And, Therefore, Substantially Justified ...................................................................... 5

    B.    The Relevance Of The Additional Pages Of Documents To Deere's Case Contradicts Plaintiffs' Argument That Deere Purposefully Hid The Pages .......... 7

    C.    The Timing Of The Disclosure Was Harmless And The Introduction Of The Evidence At Trial Will Not Prejudice Plaintiffs ........................................... 8

CONCLUSION ................................................................................................................ 11

**INTRODUCTION**

Contrary to plaintiffs' assertions, Deere's admittedly late disclosure of additional pages of documents responsive to plaintiffs' request for production of documents was made in good faith in accordance with Deere's duty to supplement under Federal Rule of Civil Procedure 26(e). Viewed in light of the expedited pace of discovery in this case, including Deere's collection of approximately 400,000 pages of electronically stored information ("ESI") and ultimate production of approximately 34,000 pages of documents, the inadvertent omission of 33 pages of documents – only 9 pages of which relate to the Healthy Directions program and only 4 pages which relate to the 2008 changes that plaintiffs challenge in this case – was substantially justified. Deere's conduct throughout this litigation belies plaintiffs' unfair insinuation that Deere knowingly and purposefully concealed these documents before disclosing them at the beginning of this month.

Moreover, the relevance of these few pages to Deere's rebuttal of plaintiffs' argument that Deere adopted the Healthy Directions amendments in November of 2005 further supports Deere's contention that the late disclosure was inadvertent. These additional pages show that the Healthy Directions amendments at issue in this litigation were adopted in late 2007. Had Deere been aware of the existence of these pages prior to responding to plaintiffs' motion for partial summary judgment, Deere would have relied on them to argue that Deere in fact disclosed the Healthy Directions amendments in a timely manner under the Employee Retirement Income Security Act of 1974 ("ERISA"). Thus, there was no motive for Deere to conceal the documents.

Finally, the interests of justice support use of these materials at trial and the late disclosure, in any event, is harmless. The majority of the additional pages pre-date the Healthy Directions amendments to the Salaried Health Plan that are at issue in this lawsuit. The nine

pages that do relate to the Healthy Directions program do not raise any new issues; instead, they merely provide additional support for Deere's previous factual assertion that it routinely amended the Salaried Health Plan related to active employees and retirees. The existence (or non-existence) of these pages does not change the historical fact that Deere adopted the Healthy Directions amendment at issue in this case in late 2007. Deere should not be denied the opportunity to show how the Healthy Directions amendments came about – and when. Because plaintiffs have been aware of Deere's assertions since the inception of this case, there is no prejudice to plaintiffs.

Importantly, the individual responsible for drafting many of the additional pages (Glenn Huston) and two individuals who received the documents (Mertroe Hornbuckle and John Leinart) will be available to testify at trial regarding the additional pages of documents. In fact, one of plaintiffs' own witnesses, Patricia Van Bruwaene, drafted and distributed some of the pages at issue in plaintiffs' motion. (*See* Docket No. 196; DEERE00034227-31, 34248-50). Deere also hereby offers to make Mr. Huston, Deere's current Director – Human Resources Global Development (formerly Deere's Manager of Employee Benefits), and Duane Olson, Deere's Manager, Benefits Planning and Compliance (formerly Deere's Manager of Health and Welfare Plans) available for depositions regarding the additional pages of documents.

## BACKGROUND

Prior to the preliminary injunction hearing, held on October 31 and December 5, 2008, Deere produced over 9,100 pages of documents. (Declaration of James P. Walsh, Jr. ("Walsh Decl.") ¶3, attached hereto as Exhibit 1). On December 24, 2008, Deere filed its motion for partial summary judgment, arguing that because the Plan language unambiguously permitted Deere to make the Healthy Directions changes to its Salaried Health Plan, no discovery was needed. (Docket No. 94-3 at 1). On January 16, 2009, plaintiffs filed a Rule 56(f) motion

2

requesting that the hearing on Deere's partial motion for summary judgment be delayed and that discovery be had. (Docket No. 106). On February 4, 2009, the Court granted plaintiffs' Rule 56(f) motion, permitting further discovery on liability. (Docket No. 114).

Beginning in February, 2009 and continuing through May, 2009, the parties engaged in extensive discussions, including with Magistrate Judge Shields, regarding how best to review the ESI gathered by Deere in order to identify documents responsive to plaintiffs' request for production. (Docket No. 139-2, ¶¶4-12). The parties completed their discussions regarding ESI on May 12, 2009. (Walsh Decl. ¶7; Exhibit A). Between approximately May 15th and May 29th, Deere reviewed more than 105,000 pages of ESI in order to meet an aggressive goal to produce ESI by the end of May.[1] (*Id.* ¶11). Deere completed the production of ESI on May 29th by producing approximately 14,000 pages of documents. (*Id.* ¶12). Throughout discovery, Deere consistently acted in good faith and in compliance with Rule 26(e) by supplementing its production as it became aware of additional responsive documents. Indeed, between May 29 and July 15, 2009, Deere supplemented its production four times. (*Id.* ¶5). By July 15, 2009, Deere had produced approximately 34,000 pages of documents responsive to plaintiffs' requests. (*Id.* ¶4).

On September 1, 2009, while preparing for trial with a witness (specifically related to Count IV, which alleges that Deere did not timely disclose plan amendments), Deere's counsel learned, for the first time, of the existence of voting records related to the adoption of the Healthy Directions program. (*Id.* ¶13). Deere and its counsel immediately began to search for such documents to determine whether they had been produced. Deere's counsel located 23

---

[1] The initial universe included 400,000 pages of ESI. After excluding non-relevant documents from the initial ESI collection, there were approximately 240,000 pages of documents against which the parties' search term list was run, which resulted in over 105,000 pages of ESI to review. (Walsh Decl. ¶¶8-11).

pages of documents that inadvertently had not been produced. (*Id.* ¶14). On September 2nd, counsel for Deere produced those documents to plaintiffs. (*Id.* ¶15). On September 3rd, Deere located 10 additional pages of plan amendment voting record documents and produced them on September 4th, after it confirmed they had not been produced. (*Id.* ¶16). In total, Deere produced an additional 33 pages of documents, only four of which relate to the adoption of the Healthy Directions amendment that is at issue in this case.

## ARGUMENT

Under Federal Rule of Civil Procedure 26(e), a party who has responded to a request for production must supplement its response:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1). If a party fails to supplement its written discovery responses under Rule 26(e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added).

In the Eighth Circuit, an analysis of whether a late production is harmless or substantially justified must consider: "(1) the importance of the excluded material; (2) the explanation of the party for the failure to comply with the disclosure rules; (3) the potential prejudice from allowing the material to be used at trial; and (4) the availability of a continuance to cure such prejudice." *Neupak, Inc. v. Ideal Manufacturing and Sales Corp.*, 168 F. Supp. 2d 1012, 1016 (D. Minn. 2001) (citing *Citizens Bank v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994)). "[T]he exclusion of evidence is a harsh penalty and should be used sparingly." *ELCA Enters. v. Sisco Equip. Rental & Sales,* 53 F.3d 186, 190 (8th Cir. 1995); *see also K.M.C. v. Irving Trust Co.,* 757

4

F.2d 752 (6th Cir. 1985) ("[T]he exclusion of evidence is a drastic sanction.") (citation omitted); *Semi-Tech Litigation LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004) ("the imposition of sanctions under [Rule 37(c)(1)] is discretionary, and preclusion will be ordered only in rare cases").

Here, the inadvertence of the late production of the additional documents, the relevance and importance of the documents to Deere's case-in-chief, the interests of justice, and the lack of prejudice to plaintiffs, mean that Deere's tardy disclosure was both substantially justified and harmless. Accordingly, Deere respectfully requests that the Court decline to impose the sanctions urged by plaintiffs' in their motion to exclude.

### A. Deere's Failure To Disclose Additional Documents Was Inadvertent And, Therefore, Substantially Justified.

Plaintiffs repeatedly and unfairly assert that Deere offered "no reason whatsoever" for its late production of documents, when plaintiffs' own pleadings set out Deere's explanation for the delay. As detailed above, and as explained the September 2, 2009 email to plaintiffs' counsel, attached as Exhibit A to plaintiffs' motion, Deere discovered the existence of the additional documents when speaking with a witness during preparation for trial. As Deere's counsel explained, after confirming that the pages of documents had not been produced previously, Deere "then looked for other similar documents that may be responsive, but not previously produced… We will confirm tomorrow whether any other associated documents exist that were not produced, but we did not want to delay in producing these documents to you now." (Docket No. 195-3; Exhibit A). In sum, the email explains that Deere's delay in disclosing the additional pages of documents was an inadvertent oversight that Deere acted immediately to remedy, as required by Rule 26(e). As explained above, during the following two days, Deere subsequently

5

located ten pages of additional documents in its possession that are responsive to plaintiffs' requests. Deere's counsel promptly produced those documents on September 4, 2009.

The number of pages of documents that Deere produced throughout the expedited discovery period weighs in favor of a finding that Deere's supplemental production was substantially justified. As detailed above, Deere collected approximately 400,000 pages of ESI, worked with plaintiffs to determine the best way to review the universe of documents, reviewed over 100,000 pages of ESI over a short two-week period (including over the Memorial Day holiday weekend), produced approximately 14,000 responsive documents from that set, supplemented its production approximately four times, and ultimately produced a total of 34,000 pages of documents by July 15, 2009. Given this pace, it is not surprising that a handful of pages of documents might remain undiscovered until after the close of discovery. Indeed, as explained to plaintiffs in the September 2 email, counsel for Deere was unaware of the existence of the additional documents at issue until late in the day on September 1, 2009. As Deere became aware of additional documents, it acted immediately to produce them to plaintiffs, producing them in two separate batches to avoid further delay. Thus, Deere acted in good faith by timely supplementing its disclosure when it learned its disclosure was incomplete. *See* Fed. R. Civ. P. 26(e)(1); *Design Strategy, Inc. v. Info Technologies, Inc.*, 469 F.3d 284 (2nd Cir. 2006) ("although a 'bad-faith' violation of Rule 26 is not *required* in order to exclude evidence pursuant to Rule 37, it can be taken into account as part of the party's explanation for its failure to comply") (emphasis in original).

In short, the expedited nature of discovery, Deere's consistent compliance with the discovery rules and lack of any evidence of bad faith confirm that Deere's late production was an honest mistake that, accordingly, was substantially justified and undeserving of sanction under

Rule 37(c)(1). *See Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (delay in adding witnesses substantially justified when party adding the witness was unaware of the witness until immediately prior to trial); *Citizens Bank v. Ford Motor Co.*, 16 F.3d 965, 967 (8th Cir. 1994) (upholding trial court's decision to admit testimony of witnesses not listed prior to trial, finding that "the record was devoid of any evidence of bad faith or intentional late disclosure of the witnesses by Ford;" and the testimony "was relevant to the heart of the case"); *Tolerico v. The Home Depot*, 205 F.R.D. 169, 176 (M.D. Pa. 2002) ("A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced") (citation omitted).

**B.  The Relevance Of The Additional Pages Of Documents To Deere's Case Contradicts Plaintiffs' Argument That Deere Purposefully Hid The Pages.**

The content of certain of the additional pages of documents and their relevance to Deere's case demonstrates that Deere's delay in producing the documents was not purposeful. Four pages of the documents relate directly to the key issue in this litigation – the amendment of the Salaried Health Plan and the adoption of the Healthy Directions program for Flex retirees effective January 1, 2008. As explained above, plaintiffs put the adoption date of the Healthy Directions program squarely at issue for the first time in their motion for partial summary judgment. Plaintiffs contend that Deere adopted the Healthy Directions program on November 17, 2005.

Approximately nine pages relate to the adoption of the Healthy Directions program and show that there were two adoptions – one for active salaried employees in late 2006 for the amendments effective January 1, 2007, and one for salaried retirees in late 2007 for the amendments effective January 1, 2008. These documents would have added substantial support to Deere's response to plaintiffs' motion for partial summary judgment, namely Deere's position

7

that the Healthy Directions amendments to the Salaried Health Plan related to salaried retirees were not adopted until late 2007. (*See* Docket. No. 161 at 17-18). Deere, therefore, lacked any conceivable motive to conceal these documents, and the interests of justice weigh in favor of the Court having a complete record when addressing the parties' contentions.

      **C.**    **The Timing Of The Disclosure Was Harmless And The Introduction Of The Evidence At Trial Will Not Prejudice Plaintiffs.**

Plaintiffs argue that Deere's failure to produce the additional documents before the close of discovery "is extremely prejudicial" (Docket No. 195-2 at 3), but offer no credible claim of prejudice because the timing of the disclosure of the additional documents has caused plaintiffs no harm. Plaintiffs neglect to point out that the additional documents do not raise any new facts, issues, or arguments. Rather, the documents provide additional support for Deere's argument that it routinely amended the Salaried Health Plan – an argument that Deere has made since the inception of this lawsuit.

Contrary to plaintiffs' assertions, it was not until plaintiffs filed their motion for partial summary judgment that they brought the issue of the timing of the Healthy Directions amendments "front and center" to this dispute. In their memorandum of law in support of their motion for partial summary judgment, plaintiffs asserted for the first time that Deere "deliberately withheld material information regarding changes that were adopted to the Health Plan in 2005 for almost two years…" (Docket No. 158-2 at 18).

Thus, plaintiffs' contention that they have been "deprived of the right to use these documents during briefing and argument during dispositive motions" (Docket No. 195-2 at 3), is inaccurate. At their core, all of Deere's dispositive motions in this litigation have contained the assertion that Deere always retained and regularly exercised the right to amend its Salaried Health Plan. These additional pages of documents add credence to Deere's claims, but do not

8

alter the nature of the dispute. Plaintiffs therefore cannot credibly claim to be surprised by the actual voting and amendment documents, which contain the same information set forth in Deere's briefings and production, but in a different form. Since plaintiffs have not been surprised, they will suffer no prejudice if the amendments are used at trial. Rather, given the relevance of the documents to respond to the timing argument made by plaintiffs for the first time in their motion for partial summary judgment, if any party has been "deprived" of the right to use them during briefings and dispositive motions, it has been Deere, and Deere will likewise be the party prejudiced if they are excluded from trial. *Ehly v. Johnson Bros. Liquor Co.*, 2009 WL 1324070 (D. S.D. May 11, 2009) (permitting the introduction of additional documents disclosed by expert after the close of discovery, finding that the late disclosure was harmless and would not surprise or prejudice defendant because the expert's opinion had not changed – she merely added new documents upon which she intended to rely at trial – and the exhibits were important to the expert's testimony).

Plaintiffs also protest that due to Deere's failure to timely disclose the documents, they are now "foreclosed from the opportunity to question Defendants' witnesses about the contents of the documents,… the documents' authenticity, [or] the circumstances surrounding the creation of the documents." (Docket No. 195-2 at 4). This simply is untrue. First, as noted above, plaintiffs have long had notice of the information contained in these documents. They have deposed Deere's witnesses Messrs. Huston, Hornbuckle and Leinart about "the design, adoption, communications, and implementations of [changes to the Plans]" and the introduction of Healthy Directions. These witnesses all have knowledge regarding the additional pages of documents. Mr. Huston drafted the majority of the email correspondence to which the amendments are attached, and on which Messrs. Hornbuckle and Leinart are copied. To the extent that plaintiffs

9

wish to examine Messrs. Huston, Hornbuckle or Leinart further regarding the information contained in the additional documents, they will be available at trial for cross-examination. In addition, Deere offers to make Messrs. Huston and Olson available for depositions regarding the additional documents before or during trial. Because the number of additional pages of documents is few and covers well-trod issues in this litigation, there is no reason that this remedy would "substantially [delay]" the trial, as plaintiffs suggest. (Docket No. 192-5 at 5).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Deere respectfully requests that the Court deny Plaintiffs' Motion To Exclude Evidence, and order such other and further relief in its favor as the Court deems appropriate under the circumstances.

Respectfully submitted,

DEERE & COMPANY, ET AL.

By: */s/ James P Walsh, Jr.*
One of Their Attorneys

Dated: September 16, 2009

10

Charles C. Jackson (*admitted pro hac vice*)
Sari M. Alamuddin (*admitted pro hac vice*)
Amy M. Foran (*admitted pro hac vice*)
Stephanie L. Sweitzer (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL  60601-5094
Tel: 312.324.1000
Fax: 312.324.1001
charles.jackson@morganlewis.com
salamuddin@morganlewis.com
aforan@morganlewis.com
ssweitzer@morganlewis.com


*/s/ Frank Harty*
*/s/ Debra L. Hulett*
*/s/ Angel A. West*
NYEMASTER, GOODE, WEST, HANSELL
    & O'BRIEN, PC
700 Walnut Street, Suite 1600
Des Moines, IA  50309-3899
Tel: 515.283.3100
Fax: 515.283.3108
fharty@nyemaster.com
dlhulett@nyemaster.com
aaw@nyemaster.com

James P. Walsh, Jr. (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ  08540
Tel:  609.919.6647
Fax:  609.919.6701
jwalsh@morganlewis.com

11

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies the foregoing Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Exclude Evidence was filed September 16, 2009 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Earl A. Payson
1313 Harrison Street
Davenport, IA 52803
Tel: 563.323.8054
Fax: 563.323.9112
eappc@aol.com

Daniel L. Bonnett
Susan J. Martin
Jennifer L. Kroll
Theresa L. Seifert
MARTIN & BONNETT, PLLC
3300 N. Central Ave., Suite 1720
Phoenix, AZ 85012
Tel: 602.240.6900
Fax: 602.240.2345
dbonnett@martinbonnett.com
smartin@martinbonnett.com
jkroll@martinbonnett.com
tseifert@martinbonnett.com

                                          */s/ James P. Walsh, Jr.*