Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1000
Fax: 312.324.1001
www.morganlewis.com



**Sari M. Alamuddin**
Partner
312.324.1158
salamuddin@MorganLewis.com

October 12, 2009

**SENT BY FACSIMILE TO CHAMBERS**

Hon. Charles R. Wolle
United States District Court for the Southern District of Iowa
United States Courthouse
131 E. Fourth Street
Davenport, IA 52801-1516

Re:   Brubaker, et al. v. Deere & Company, et al.
      Case No. 08-CV-00113
      Client-Matter No. 066842-0008

Dear Judge Wolle:

    This letter is in response to plaintiffs' request that all testimony and exhibits presented at the preliminary injunction hearing in the above referenced matter be included in the trial record. Defendants Deere & Company, et al. (collectively, "Deere") request that this Court deny plaintiffs' request because plaintiffs have failed to establish that such testimony and exhibits were admissible at trial.

    Under Federal Rule of Civil Procedure 65(a)(2):

> Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and *that would be admissible at trial* becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

Fed. R. Civ. P. 65(a)(2) (emphasis added).

Morgan Lewis
COUNSELORS AT LAW

Hon. Charles Wolle
October 12, 2009
Page 2

In *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981), the Supreme Court stated:

> The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.

451 U.S. at 395; *see also Nat'l Credit Union Admin. Bd. v. Johnson*, 133 F.3d 1097 (8th Cir. 1998); *Interbake Foods, LLC v. Tomasiello*, 461 F. Supp. 2d 943 (N.D. Iowa 2006) (it is well to remember that in the context of preliminary injunction applications, the court typically operates under severe time constraints and must customarily decide the motion "on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits") (citing *Univ. of Tex., supra*); *United Healthcare Inc. Co. v. AdvancePCS*, 2002 U.S. Dist. LEXIS 28262 (D. Minn. March 1, 2002) ("the Federal Rules of Evidence are not strictly applied in preliminary injunction proceedings").

Thus, at the preliminary injunction stage, a court "may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction." *Levi Strauss & Co. v. Sunrise Int'l Trading*, 51 F.3d 982, 985 (11th Cir. 1995); *see also, S.E.C. v. Cherif*, 933 F.2d 403, 412 n.8 (7th Cir. 1991) ("hearsay can be considered in entering a preliminary injunction"); *Welker v. Cicerone*, 174 F. Supp. 2d 1055, 1059 n.2 (C.D. Ca. 2001) (declarations and evidence submitted in support of a motion for preliminary injunction need not conform to the Federal Rules of Evidence).

At the preliminary injunction stage, this Court did not make a determination regarding whether the evidence admitted during the hearing would be admissible at trial. Indeed, the Court overruled objections by the parties at the preliminary injunction stage on the basis of, *inter alia*, hearsay precisely because "the rules of evidence [do] not strictly apply in preliminary injunction hearings in the way they would at trial." (12/5/08 Tr. at 186).

Moreover, although Deere was able to cross examine some of the declarants at the preliminary injunction stage, it did not have the opportunity to question all of the declarants, take their depositions, or otherwise make more formal objections to their testimony. Deere respectfully submits that much of the evidence presented during the preliminary injunction stage would not have been admissible at trial and, therefore, is not "automatically" part of the trial record, as plaintiffs contend.

Further, plaintiffs' alleged off the record statement (which Deere does not recall) that they intended to call Ms. McLemore-Demers to testify by telephone "to supplement the



Hon. Charles Wolle
October 12, 2009
Page 3

testimony she gave at the preliminary injunction hearing" was insufficient to put either the Court or Deere on notice that <u>all</u> of the evidence introduced during the preliminary injunction proceedings was admitted as part of the trial record.

    Thus, Deere respectfully requests that this Court deny plaintiffs' wholesale request to admit all evidence presented during the preliminary injunction proceedings as part of the trial record.

Sincerely,

Sari M. Alamuddin

c:  Counsel for Plaintiffs (via email)

DB1/63783977.2